Robert Michael Lyden
*Pro Se*
2270 Arlington Ave. E.
St. Paul, MN 55119
E-mail: robertmjlyden@gmail.com
Phone: (971) 219-1200

**RECEIVED**

OCT 0 3 2025

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **ROBERT MICHAEL LYDEN,** **an individual,** **Plaintiff,** **vs.** **TURTLE BEACH CORPORATION,** **a Nevada Corporation;** **and,** **VOYETRA TURTLE BEACH,** **INC., a Delaware Corporation;** **and,** **PEFORMANCE DESIGNED** **PRODUCTS, LLC,** **a California Limited Liability** **Corporation;** **Defendants.** | **Case No:** 25-cv-3843-PJS/EMB **COMPLAINT FOR:** **PATENT INFRINGEMENT** **DEMAND FOR JURY TRIAL** |

**SCANNED**
OCT 0 3 2025
U.S. DISTRICT COURT ST. PAUL

For this complaint against Defendant Turtle Beach Corporation

("Turtle Beach"), and Defendant Voyetra Turtle Beach, Inc. ("Voyetra"),

and Defendant Performance Designed Products LLC. ("PDP"), (collectively,

the "Defendants"), Plaintiff Robert Michael Lyden ("Plaintiff" or "I" or

"my") states and alleges, as follows:

## NATURE OF THE CASE

1. This is patent infringement lawsuit brought under the patent laws of

the United States 35 U.S.C. §101, *et seq.*, and including 35 U.S.C. §§ 271,

281, 283, 284, and 285.

## THE PARTIES

2. Plaintiff Robert Michael Lyden is a private individual who resides

at 2270 Arlington Ave. E. St. Paul, MN 55119 in the United States.

3. Upon information and belief, Defendant Turtle Beach is a

corporation existing under the laws of Nevada, having a principal place of

business at 15822 Bernardo Center Drive, Suite 105, San Diego, California

92127.

4. Upon information and belief, Defendant Voyetra is a corporation

existing under the laws of Delaware, having a principal place of business at

44 South Broadway, 4th Floor, White Plains, NY 10601.

5. Upon information and belief, Defendant PDP is a California limited liability company, having a principal place of business at 15822 Bernardo Center Drive, Suite 105, San Diego, California 92127.

6. Upon information and belief, Turtle Beach and/or Voyetra acquired PDP in or around March 2024.

## JURISDICTION AND VENUE

7. This is an action for infringement of a United States patent, and arises under the patent laws of the United States, 35 U.S.C. §101, *et seq.*, and including 35 U.S.C. §§ 271, 281, 283, 284, and 285, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a).

8. This Court has personal jurisdiction over Defendants in accordance with the Minnesota Statutes Civil Procedure (Ch. 540-552) § 543.19 and the Federal Rules of Civil Procedure Rule 4 (K) (2) also known as the long arm statutes because they have engaged, and continue to engage, in continuous, systematic, and substantial activities within this District which give rise to this action. Defendants directly and/or through their subsidiaries or intermediaries (including distributors, retailers, and others), have committed

and continue to commit acts of infringement in this District by, among other things, making, using, selling, offering for sale several game controller products that infringe upon the Plaintiff's U.S. Patent No. 10,507,385 B2.

9. Venue is proper this district under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this District and the Plaintiff lives in the District of Minnesota.

## FACTUAL BACKGROUND

10. Plaintiff Robert Michael Lyden was granted M.A. Degrees in Public Administration and History at the University of Minnesota, and was certified to teach and coach K-12 at St. Thomas College. I am a named inventor on 63 issued patents, and have 5 patents pending. Between 1990-2023, I lived in Oregon and during this period filed four complaints for patent infringement including *Lyden vs. Nike, Inc. et al.* (2013) and *Lyden vs. Adidas America Inc. et al.* (2014), and the cases were settled. I have also provided information and testified as a fact witness on behalf of the FBI in District Court. For more information see the following webpage: https://www.linkedin.com/in/robert-lyden-99b4013a/ .

11. In August, 2016, my son Kieran Sean Lyden had an inspiration relating to computer game controllers. A prior art search was conducted and

a utility patent application entitled "Game Controller" was prepared and

filed as U.S. Patent Application Serial No. 15/415,728 on January 25, 2017.

This patent application was published as U.S. Patent Application

2018/0207523 A1 on July, 26, 2018, and matured and issued as U.S. Patent

No. 10,507,385 B2 ("the '385 Patent") on December 17, 2019.

12. The title page of the '385 Patent shows a game controller which

includes a plurality of removable gates having different geometric shapes for

customizing the structure and game play of a game controller. A true and

correct copy of the '385 Patent is attached hereto as Exhibit A, and a true

and correct copy of the corresponding published U.S. Patent Application

2018/0207523 A1 is attached hereto as Exhibit B. For the convenience of

this Court, an image of the title page of the '385 Patent" is provided herein

and shown below on page 5:



US010507385B2

(12) **United States Patent**
    Lyden

(10) **Patent No.:    US 10,507,385 B2**
(45) **Date of Patent:        Dec. 17, 2019**

(54) **GAME CONTROLLER**

(71) Applicant: **Kieran S. Lyden**, Portland, OR (US)

(72) Inventor: **Kieran S. Lyden**, Portland, OR (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 303 days.

(21) Appl. No.: **15/415,728**

(22) Filed: **Jan. 25, 2017**

(65)           **Prior Publication Data**
        US 2018/0207523 A1      Jul. 26, 2018

(51) **Int. Cl.**
    *G09G 5/00*          (2006.01)
    *A63F 13/24*         (2014.01)
    *A63F 13/214*        (2014.01)
    *A63F 13/235*        (2014.01)

(52) **U.S. Cl.**
    CPC ............ *A63F 13/24* (2014.09); *A63F 13/214*
                (2014.09); *A63F 13/235* (2014.09)

(58) **Field of Classification Search**
    None
    See application file for complete search history.

(56)              **References Cited**

                U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,508,942 A | 4/1985 | Inaba | |
| 5,716,274 A | 2/1998 | Goto et al. | |
| 5,984,548 A * | 11/1999 | Willner | G06F 3/0219 |
| | | | 348/E5.103 |
| 6,019,680 A * | 2/2000 | Cheng | A63F 13/06 |
| | | | 463/37 |
| 6,135,886 A | 10/2000 | Armstrong | |
| 6,256,013 B1 | 7/2001 | Siddiqui | |
| 6,313,826 B1 | 11/2001 | Schrum et al. | |

| | | | |
|---|---|---|---|
| 6,489,946 B1 | 12/2002 | Takeda et al. | |
| 6,512,511 B2 * | 1/2003 | Willner | A63F 13/06 |
| | | | 345/169 |
| 6,933,925 B1 | 8/2005 | Gibbons et al. | |
| 7,205,980 B2 | 4/2007 | Maroun | |
| 7,345,674 B2 | 3/2008 | McLoone et al. | |

(Continued)

OTHER PUBLICATIONS

Microsoft Xbox Elite One game controller product information from the www.xbox.com website, published in 2016, pp. 1-11, and downloaded on Jan. 7, 2017.

(Continued)

*Primary Examiner* — Sunit Pandya
(74) *Attorney, Agent, or Firm* — Westman, Champlin & Koehler, P.A.

(57)                **ABSTRACT**

The invention relates to a game controller for controlling the play of computerized games, more particularly, but not exclusively, the invention relates to ergonomics and control systems which can be programmed and customized. A game controller can include removable and replaceable ergonomic grips to accommodate and fit users having small, medium, and large hand sizes. Further, a game controller can include a removable and replaceable gate which can be circular, octagonal, square, diamond, or other geometric shape for customizing the play of at least one joystick or thumbstick control. In addition, a game controller can include customizable paddle controls mounted on the bottom side of the handle portions of the game controller. Alternatively, a game controller can include a plurality of control keys, or touch pad controls mounted on the bottom side of the handle portions. Moreover, a game controller can include touch pad controls for a majority and/or all of the various desired operations and functions of the device.

**17 Claims, 20 Drawing Sheets**



13.  Kieran Sean Lyden has been granted two other patents entitled "Game Controller," and two patent applications are pending: U.S. Patent No. 11,202,960 which includes claims for pressure sensitive touch bumper and trigger controls issued on December 21, 2021;  U.S. 12,194,375 includes additional claims directed to resistive pressure sensitive and also capacitive bumper and trigger controls which can be selectively removed, replaced, and customized issued on January 14, 2025; U.S. Patent Application Serial No. 18/911,589 for "Game Controller," which claims priority to the '385 patent, also includes claims that recite removable gates having different geometric shapes for customizing the structure and play of thumbstick controls was filed on October 10, 2024; and, a new U.S. Patent Application Serial No. 18/911,575 for "Game Controller" which discloses removable bumper, trigger, and thumbstick controls was also filed on October 10, 2024.

14.  Kieran Sean Lyden has assigned the aforementioned '385 patent, but also U.S. Patent No. 11,202,960, U.S. Patent No. 12,194,375, pending continuation U.S. Patent Application Serial No. 18/911,589, and pending new U.S. Patent Application Serial No. 18/911,575 to the Plaintiff, and a true and correct copy of the Assignment Agreement and including its recordation in the U.S. Patent and Trademark Office is attached hereto as Exhibit C.

15. Following U.S. Patent Application Serial No. 15/415,728 which corresponds to the '385 patent being filed on January 25, 2017, at least one of the Defendants caused to be filed eight U.S. design patents in which the published U.S. Patent Application 2018/0207523 A1 corresponding to the '385 patent was cited by Examiners working in the U.S. Patent and Trademark Office. Accordingly, the published U.S. Patent Application 2018/0207523 A1 which corresponds to the '385 patent appears in the Reference Cited section in each of the following design patents which are assigned to at least one of the Defendants:

U.S. D1,002,732 S by Younger et al., was filed on September 16, 2021 and issued on October 24, 2023, and is assigned to Voyetra Turtle Beach, Inc., and a true and correct copy is attached hereto as Exhibit D;

U.S. D845,395 S by Strahle et al., was filed on July 13, 2017 and issued on April 9, 2019, and is assigned to Performance Designed Products, LLC., and a true and correct copy is attached hereto as Exhibit E;

U.S. D849,147 S by Strahle et al., was filed on July 13, 2017 and issued on May 21, 2019, and is assigned to Performance Designed Products, LLC., and a true and correct copy is attached hereto as Exhibit F;

U.S. D850,447 S by Fulghum et al., was filed on October 4, 2017 and issued on June 4, 2019, and is assigned to Performance Designed Products, LLC., and a true and correct copy is attached hereto as Exhibit G;

U.S. D853,384 S by Fulghum et al., was filed on October 4, 2017 and issued on July 9, 2019, and is assigned to Performance Designed Products, LLC., and a true and correct copy is attached hereto as Exhibit H;

U.S. D864,302 S by Strahle et al., was filed on July 13, 2017 and issued on October 22, 2019, and is assigned to Performance Designed Products, LLC., and a true and correct copy is attached hereto as Exhibit I;

U.S. D866,664 S by Stahle, was filed on July 18, 2017 and issued on November 12, 2019, and is assigned to Performance Designed Products, LLC., and a true and correct copy is attached hereto as Exhibit J; and,

U.S. D867,458 S by Strahle et al., was filed on June 12, 2017 and issued on November 19, 2019, and is assigned to Performance Designed Products, LLC., and a true and correct copy is attached hereto as Exhibit K, thus the patent counsel of the Defendants had knowledge of the existence of U.S. Patent Application 2018/0207523 A1 which corresponds to the '385 patent sometime before April 9, 2019.

16. Upon information and belief, the Defendant Performance Design Products, LLC. subsequently launched the Victrix Gambit game controller in October, 2021, and the Victrix Pro BFG game controller in December, 2022.

17. The Victrix Gambit and Victrix Pro BFG game controllers have sometimes been made and sold using different names or product descriptions and in various different versions including, e.g., the "Victrix Gambit," the "Victrix™ Gambit Prime Tournament Controller," the "Victrix Pro BFG," the "Victrix Pro BFG Wireless Controller Tekken 8 Rage Art," the "Victrix™ Pro BFG ™ Wireless Controller," the "Victrix™ Pro BFG™ Reloaded Wireless Modular Controller."

18. Upon information and belief, all of the Victrix Gambit and Victrix Pro BFG game controllers which include a plurality of removable gates having different geometric shapes for customizing the structure and game play of the Victrix Gambit and Victrix Pro BFG game controllers which have and continue to be sold by the Defendants in this District and the United States are infringing one or more claims of the '385 patent, and any and all of such infringing products will sometimes be referred to herein as the "Accused Product" or "Accused Products."

19. For the convenience of the Court: an annotated image of the

"Victrix™ Gambit Prime Tournament Controller;" an annotated copy of

drawing Figure 23 of the '385 Patent; and, two annotated images of the

"Victrix™ Pro BFG™ Reloaded Wireless Modular Controller" are provided

herein and shown below:

## VICTRIX GAMBIT PRIME TOURNAMENT CONTROLLER
## TOP SIDE VIEW



Thumbstick Control

Removable Gate (Round and Octagonal Options)

Removable Gate
(Round and Octagonal Options)

Thumbstick Control



FIG. 23

VICTRIX PRO BFG RELOADED WIRELESS MODULAR CONTROLLER
PERSPECTIVE VIEW OF COMPONENTS



Thumbstick Control 11

Removable Gate (Round Shape Option) 30a

Thumbstick Control 12

Removal Gate 30a
(Round Shape Option)

Game Controller 1

Removable Gates 30b
(Octagonal Options)

**VICTRIX PRO BFG RELOADED WIRELESS MODULAR CONTROLLER**
**TOP SIDE VIEW**



20.  As recited above in Paragraph 6, upon information and belief,

Turtle Beach and/or Voyetra Turtle Beach acquired PDP in or around March

2024. The Victrix Gambit game controller and the Victrix Pro BFG game

controllers are still being made and sold by the Defendants, and in order to

provide support and evidence of this a copy of general information about the

"Victrix Gambit Prime Tournament Controller" which was downloaded on

September 7, 2025 by the Plaintiff from the Defendant's website,

COMPLAINT                                                     Page 13

https://www.turtlebeach.com/ is attached hereto as Exhibit L; a copy of a set-up user manual for the "Victrix Gambit Prime Tournament Controller" instructing customers to use the Accused Product in an infringing manner which was downloaded on September 19, 2025 by the Plaintiff from the Defendant's website, https://www.turtlebeach.com/ is attached hereto as Exhibit M; a copy of general information relating to the "Victrix Pro BFG Reloaded Wireless Modular Controller" which was downloaded on September 7, 2025 by the Plaintiff from the Defendants' website, https://www.turtlebeach.com/ is attached hereto as Exhibit N; a copy of a "PDP Victrix Pro BFG Manual" instructing customers to use the Accused Product in an infringing manner which was downloaded on September 19, 2025 by the Plaintiff from the website, https://www.manualslib.com/manual/3733178/Pdp-Victrix-Pro-Bfg.html is attached as Exhibit O; and, photos of a box containing a Victrix Pro BFG and the Sales Receipt associated with its purchase by the Plaintiff at the GameStop retail store located in Maplewood, MN is attached hereto as Exhibit P.

21. As shown in the provided Exhibits L-P, the Victrix Gambit and Victrix Pro BFG game controllers include four different rings which have integral gates for use around thumbstick controls, and two of these rings include octagonal shaped gates, and two of these rings include circular shaped gates for customizing the structure and game play of the game controllers.

22. With reference to the Victrix Gambit game controller, the rings include male snap fit appendages which extent from the 12, 3, 6, and 9 o'clock positions which can be inserted into corresponding female snap fit openings which are present on the top side of the game controller and these structures are shown and discussed in the '385 Patent, e.g., see Drawing Figure 23, and related discussion in Column 12, Lines 6-34.

23. In addition, there are numerous videos on Youtube provided by at least one of the Defendants, and others which show and discuss the structures and features associated with the Victrix Gambit and Victrix Pro BFG game controllers and their inclusion of customizable gates having different geometric shapes for use around thumbstick controls, e.g., see the Turtle Beach website  https://www.turtlebeach.com/ , and in particular, https://www.turtlebeach.com/products/victrix-pro-bfg-wireless-controller ,

and, https://www.turtlebeach.com/products/victrix-gambit-prime-tournament-controller?Title=Default+Title , and also see "Victrix Gambit Tournament Controller – Packed with Features and Customization!," by ECPU, published April 16, 2023, https://youtu.be/i-fxwrSOU8Q?si=T5zfu1sr6xpx6OeF , and, "Maximum Versatility! Victrix Pro BFG Wireless Controller for XBOX Series X/S/ & PC," by ECPU, published March 15, 2024, https://youtu.be/zx23vHCRfiA?si=Aa7nTHgnVQMGHlGz , which were accessed by the Plaintiff on August 15, 2025.

24. As shown in the photos and recited in the texts of Exhibits L-P, and the indicated websites, both of the Victrix Gambit and the Victrix Pro BFG game controllers include a plurality, i.e., at least two different removable gates having different geometric shapes for customizing the structure and game play provided by these game controllers.

25. Plaintiff has communicated with the Defendants and attempted to avoid the necessity of having to file the present complaint. In this regard, the Plaintiff first wrote to the Defendant's CEO Cris Keirn via Julie Mills by e-mail letter on July 11, 2025. Plaintiff followed up ten days later and again wrote to CEO Cris Keirn via Julie Mills by e-mail letter on July 21, 2025.

Not having received a timely response from the Defendants, the Plaintiff then sent an e-mail letter that discussed and provided an attached copy of the '385 Patent directly to the Defendant's CEO Cris Keirn on July 22, 2025. Thirteen days later on August 4, 2025, still not having received a response from the Defendants, the Plaintiff sent an e-mail letter which discussed and provided an attached copy of the '385 Patent to the Defendants' CEO Cris Keirn, General Counsel Megan Wynne, Chief Strategy Officer Tom Roberts, CFO Mark Weinswig, Head of Global Marketing Ryan Dell, and Senior Director of Global Communications MacLean Marshall. Seven days later on August 12, 2015, the Plaintiff received a response by e-mail from the Defendants' General Counsel Megan Wynne which indicated the Defendants had no interest in pursuing any discussions with the Plaintiff about the '385 patent and the other patents recited in Plaintiff's e-mail letters relating to game controllers, and a true copy of this e-mail letter which includes the chain of e-mail communications of the Plaintiff with the Defendants is attached hereto as Exhibit Q.

26. Upon information and belief, a royalty rate of 5% is reasonable and customary for patents having claims on game controller structures and/or methods in the computer game industry, as shown in Exhibit S,

attached hereto, which is a true and correct copy of Document 408 including its associated Exhibit A from the case *Ironburg Inventions Ltd. v. Valve Corporation*, Case No. 2:17-cv-01182-TSZ which recites that the patents of Ironburg Inventions Ltd. were licensed for a royalty rate of 5% to SCUF Gaming, Inc. Further, this document indicates that the patents of Ironburg Inventions Ltd. have also been licensed to Microsoft Corporation and to other companies in the computer gaming industry.

27. As shown in Exhibit Q attached hereto, the Plaintiff made specific reference to the Victrix Gambit and Victrix Pro BFG game controllers in e-mail letters and suggested the Defendants have their own patent counsel review the '385 Patent and consider the possible merits of licensing or purchasing it. The Plaintiff also invited the Defendants' General Counsel to call and speak with the Plaintiff's own patent attorney who had prosecuted the '385 patent, that is, if that would possibly make her more comfortable. However, the response of Turtle Beach on August 12, 2025 discussed above in paragraph 25 and attached hereto as Exhibit Q includes the following passage: "Neither Turtle Beach nor Performance Designed Products is interested in pursuing any discussions."

28. Accordingly, the Court will appreciate that the Plaintiff conducted due diligence and made earnest efforts to communicate with the Defendants about the '385 patent and explore the possibility of selling or licensing the '385 patent to the Defendants, but the Defendants declined Plaintiff's invitation to pursue such business discussions. Having exhausted efforts to communicate and reach a business agreement which could be in the mutual interest of the Plaintiff and Defendants, the only remedial course of action left to the Plaintiff was to file the present Complaint.

29. A brief Claim Chart made by the Plaintiff which includes drawing figures and photos mapping the structures recited in the claims of the '385 Patent to the Defendants' Accused Products, the Victrix Gambit and Victrix Pro BFG game controllers, is provided and attached hereto as Exhibit R.

30. In view of the Defendants' knowledge of published U.S. Patent Application 2018/0207523 A1 which corresponds to the '385 patent on or before April 9, 2019, as recited above in paragraph 15, which was before the Defendants launched the Victrix Gambit game controller in October, 2021, and the Victrix Pro BFG game controller in December, 2022, as recited above in paragraph 16, and further in view of Plaintiff's e-mail communications with the Defendants as recited in paragraphs 25 and 27

above, and the fact that the Defendants' continue to make and sell the

aforementioned game controller products which infringe the '385 patent as

of the filing date of this Complaint, the Plaintiff holds that the Defendants'

infringement has and continues to be willful.

## FIRST CLAIM FOR RELIEF

(Patent Infringement of U.S. Patent No. 10,507,385 B2 ("the '385

Patent")

31.  Plaintiff hereby repeats, realleges, and incorporates by reference

each preceding paragraph 1-30, inclusive, as though fully set forth herein.

32.  Defendants, by themselves or in concert with others, have made,

used, sold, offered to sell, or import, and continue to make, use, sell, offer to

sell, or import in or into this District and elsewhere in the United States, the

Accused Products which directly infringe, either literally or under the

doctrine of Equivalents.

33.  Upon information and belief, the Defendants' Victrix Gambit

game controller Accused Products include each and every element and have

directly infringed and continue to directly infringe upon Claims 1, 8, 9, 12,

14, and 15 of the '385 Patent in violation of 35 U.S.C. § 271(a) and the

Defendants' Victrix Pro BFG game controller Accused Products include

each and every element and have infringed and continue to directly infringe

upon Claims 1, 8, 9, 10, 12, 14, and 15 of the '385 Patent in violation of 35

U.S.C. § 271(a), e.g., as shown and discussed in the brief Claim Chart

attached hereto as Exhibit R.

    34.  In addition, upon information and belief, the Defendants' Victrix

Gambit game controller Accused Products include each and every element

and have indirectly infringed and continue to indirectly infringe upon Claims

1, 8, 9, 12, 14, and 15 of the '385 Patent in violation of 35 U.S.C. §§ 271(b)

and (c), and the Defendants' Victrix Pro BFG game controller Accused

Products include each and every element and have indirectly infringed and

continue to indirectly infringe upon Claims 1, 8, 9, 10, 12, 14, and 15 of the

'385 Patent in violation of 35 U.S.C. §§ 271(b) and (c), e.g., as shown and

discussed in the brief Claim Chart attached hereto as Exhibit R.

    35.  Defendants have induced infringement of the '385 Patent by

taking active steps to encourage and facilitate direct infringement by others,

including manufacturers, affiliates, partners, importers, resellers, customers,

distributors, and/or end users, in this District and elsewhere in the United

States, through the dissemination of the Accused Products and the creation

and dissemination of promotional and marketing materials, supporting

materials, instructions, product manuals, and/or technical information

relating to such products with knowledge and the specific intent that their

efforts will result in the direct infringement of the '385 Patent.

36. Further, Defendants took active steps to encourage end users of

the Defendants' Victrix Gambit game controller Accused Products to use

them in the United States in a manner they know will directly infringe each

element of at least Claims 1, 8, 9, 12, 14, and 15 of the '385 Patent, and the

Defendants took active steps to encourage end users of Defendants' Victrix

Pro BFG game controller Accused Products in a manner they know will

directly infringe each element of at least Claims 1, 8, 9, 10, 12, 14, and 15 of

the '385 Patent. Such active steps include, for example, providing a manual

and instructions on how to use the Accused Products and publishing

promotional materials of the Accused Products that describe and/or instruct

the configuration and use by their customers of the Accused Products in an

infringing manner.

37. Defendants knowingly took these active steps to induce others and thus, they and the Victrix Gambit game controller Accused Products are indirectly infringing upon Claims 1, 8, 9, 12, 14, and 15 of the '385 Patent, and they and the Defendants' Victrix Pro BFG game controller Accused Products are indirectly infringing upon Claims 1, 8, 9, 10, 12, 14, and 15 of the '385 Patent in violation of 35 U.S.C. § 271(b).

38. Further, Defendants have engaged in contributory infringement by making, using, offering to sell, selling, and importing in or into the United States the Accused Products. The Defendants' Victrix Gambit game controller Accused Products, when used by Defendants' customers as intended and instructed by Defendants, infringe at least Claims 1, 8, 9, 12, 14, and 15 of the '385 Patent, and the Defendants' Victrix Pro BFG game controller Accused Products infringe at least Claims 1, 8, 9, 10, 12, 14, and 15 of the '385 Patent when used by Defendants' customers as intended and instructed by Defendants,

39. One or more components of the Accused Products and/or the Accused Products themselves constitutes a material component of the claimed invention of the '385 Patent.

40. The Defendants' Victrix Gambit game controller Accused Products have indirectly infringed and are indirectly infringing at least Claims 1, 8, 9, 12, 14, and 15 of the '385 Patent, and the Defendants' Victrix Pro BFG game controller Accused Products have indirectly infringed and are indirectly infringing at least Claims 1, 8, 9, 10, 12, 14, and 15 of the '385 Patent in violation of 35 U.S.C. § 271(c).

41. The aforesaid acts of Defendants are without right, license, or authorization from the Plaintiff.

42. Plaintiff has been damaged as a result of Defendants' infringing conduct alleged above. Thus, Defendants are liable to Plaintiff in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43. Defendants will continue their infringement of the '385 patent unless enjoined by the Court. Defendants' infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

44. Defendants and/or individuals within Defendants' control had knowledge of the '385 Patent at least by virtue of U.S. Patent Application

Serial No. 15/415,728 filed on January 25, 2017 being published as U.S.

Patent Application 2018/0207523 A1 by the U.S. Patent and Trademark

Office on July, 26, 2018 and which matured and issued as the '385 Patent on

December 17, 2019, and in particular, due to the recitation of this published

U.S. Patent Application 2018/0207523 A1 by examiners working in the U.S.

Patent and Trademark Office in the "References Cited" section of numerous

design patents relating to game controllers which the Defendants filed and

were granted, as discussed and shown above in paragraph 15. Further, the

Defendants were made aware and had knowledge of the '385 Patent by

virtue of the Plaintiff's e-mail letter communications between July 11, 2025

and August 5, 2025 which included an attached copy of the '385 patent, as

discussed in paragraphs 25 and 27 above, and also provided notice to the

Defendants of the '385 Patent existence and its relevance to the Accused

Products.

45.  Despite their knowledge of the '385 Patent, Defendants have

infringed and continue to infringe the '385 Patent, making such infringement

willful and intentional. Defendants have deliberately infringed the '385

Patent and in disregard for the patent by making, having made, using,

importing, selling, and offering for sale the Accused Products which infringe

the '385 Patent. Defendants knew or should have known that there was a

high risk of infringement of the '385 Patent and had no reasonable basis to

doubt the validity of the patent. Upon information and belief, Defendants

have not attempted any design around to avoid the risks of infringement of

the '385 Patent. Defendants have acted despite an objectively high

likelihood that their past and continuing actions constituted infringement of

the '385 Patent, and this objectively-defined risk was known or should have

known to Defendants. Defendants thus had actual knowledge of the '385

Patent and knew or should have known that their conduct constituted

infringement.

46.  Defendants' willful infringement makes this case exceptional

such that Plaintiff should be awarded reasonable attorneys' fees and costs

incurred in pursuing this action pursuant to 35 U.S.C. § 285, and is entitled

to enhanced damages for infringement pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff asks for judgment against Defendants as

follows:

COMPLAINT                                                    Page 26

1. Judgment that one or more claims of the '385 Patent have been directly and indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendants in violation of one or more subsections of 35 U.S.C. § 271;

2. Judgement that Defendants' infringement of the Asserted '385 Patent was/is willful in violation of 35 U.S.C. § 271;

3. Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Asserted '385 Patent in accordance with 35 U.S.C. § 284, and that such damages be trebled pursuant to 35 U.S.C. § 284, or an award of Defendant's profits from its infringement pursuant to 35 U.S.C. § 289, which is greater, together with prejudgment interest and costs;

4. Declare this an exceptional case, and insofar as is applicable and deemed just and proper, award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

5. That Defendants be enjoined from any further activity or conduct that infringes one or more claims of the Asserted '385 Patent;

6. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff Robert Michael Lyden respectfully requests a trial by jury of any and all issues so triable that are raised herein or which hereinafter may be raised in this action.

DATED: October 3, 2025                    Respectfully Submitted By:


Robert Michael Lyden
*Pro Se*
2270 Arlington Ave. E.
St. Paul, MN 55119
E-mail: robertmjlyden@gmail.com
Phone: (971) 219-1200